UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 7 |
| GREGORY LEON WOODS and | ) | |
| SHANA RENAE WOODS | ) | JUDGE ALAN C. STOUT |
| | ) | |
| DEBTORS | ) | CASE NO. 15-32123 |

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY, as | ) | |
| subrogee of Sam Swope Auto Group, LLC | ) | |
| And Swope Auto Company, LLC d/b/a | ) | |
| Toyota of Louisville | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SAM SWOPE AUTO GROUP, LLC | ) | |
| | ) | |
| and | ) | ADV. PRO. NO. 15-03059 |
| | ) | |
| SWOPE AYTO COMPANY, LLC d/b/a | ) | |
| TOYOTA OF LOUISVILLE | ) | |
| | ) | |
| PLAINTIFFS | ) | |
| v. | ) | |
| | ) | |
| GREGORY LEON WOODS | ) | |
| | ) | |
| DEFENDANT | ) | |

## **MEMORANDUM OPINION**

THIS MATTER comes before the Court on Plaintiffs' Motion for Summary Judgment. Plaintiffs Federal Insurance Company, as subrogee of Sam Swope Auto Group, LLC, and Swope Auto Company, LLC, d/b/a Toyota of Louisville ("Federal"), Sam Swope Auto Group, LLC, ("Sam Swope Auto"), and Swope Auto Company, LLC, d/b/a Toyota of Louisville ("Toyota of

1

Louisville") (collectively "Plaintiffs"), filed this Motion for Summary Judgment seeking a judgement of $1,156,000.00 against Defendant Gregory Leon Woods ("Defendant") for fraud and embezzlement, and seeking an order that said judgement is non-dischargeable in bankruptcy. Plaintiffs assert there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. In his Answer, Defendant admits the allegations of fraud and embezzlement and the damages amount, but he raises a statute of limitations defense. As will be discussed below, the Court grants the majority of Plaintiffs' Motion for Summary Judgment, but denies with respect to damages amount.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1), and 28 U.S.C. § 151. This is a core proceeding in conformity with 28 U.S.C. § 157(b)(2)(I).

## Facts

The following facts are undisputed.

Sam Swope is an automotive dealership with several showrooms throughout Kentucky, including Toyota of Louisville. At the relevant time, Defendant was employed by Toyota of Louisville as its Used Car Manager, where, among other things, he had the authority to approve disbursements of funds from Toyota of Louisville's bank accounts for the sole benefit of Toyota of Louisville. From January 2003 through June 2010, Defendant engaged in a scheme to defraud Toyota of Louisville by obtaining and forging company checks made out to himself, which he cashed for his personal use. Defendant admits he converted $1,181,000.00 in funds belonging to Toyota of Louisville during that time.

On June 3, 2011, Defendant entered a plea of guilty to 12 counts of Theft by Unlawful Taking over $10,000; 78 counts of Theft by Unlawful Taking over $300; and 93 counts of Forgery.

Defendant was sentenced to eight years in prison and ordered to pay Toyota of Louisville $25,000.00 in restitution, plus seven percent interest and court fees. The restitution amount represents the deductible Sam Swope Auto paid its insurance company, Federal Insurance, after Sam Swope, acting as Toyota of Louisville's authorized agent, submitted a claim to Federal for losses resulting from Defendant's fraudulent acts. Defendant has paid the ordered restitution, bringing Plaintiffs' total remaining loss to $1,156,000.00. In exchange for payment of the $25,000.00 deductible, Sam Swope executed a Final Release and Assignment to Federal, which seeks damages in the remaining amount of $1,156,000.00.

On June 19, 2015, Plaintiffs filed a Complaint in Jefferson Circuit Court in the Commonwealth of Kentucky, pleading counts of Fraud, Conversion, Common Law Indemnity, and Punitive Damages (the "Circuit Court action"). Soon after, on June 30, 2015, Defendant filed his voluntary petition for Chapter 7 bankruptcy protection, which stayed the Circuit Court action. In his Amendment to Schedule F, filed August 18, 2015, Debtor lists the Circuit Court action as a claim for $1,156,000.00. On September 19, 2015, Plaintiffs filed their Complaint to Determine Dischargeability of Debt (the "Complaint"), requesting a judgment for damages in the amount of $1,156,000.00, and an order that said judgment is not dischargeable through bankruptcy.

In support of its Complaint, Plaintiffs assert that although Defendant's scheme began in 2003, it was not until June 21, 2010, that Arlene Beswick ("Bewsick"), Office Manager for Toyota of Louisville, noticed Defendant was engaged in fraudulent activity. Plaintiffs attach two sworn affidavits to its Motion for Summary Judgment, each asserting a discovery date of June 21, 2010. The first affidavit is signed by Arlene Beswick, who affirms that on June 21, 2010, she noticed Defendant Woods had written and received five checks within the month of June. Affidavit of Arlene Beswick ¶ 4-6. She also affirms that on either June 22 or 23, she received a call from a man

named Paul Fetter ("Fetter"). *Id.* at ¶ 7. Fetter advised Beswick that Defendant had asked him to lie about the purpose of the checks. *Id.*

The second affidavit is signed by Dennis Fante ("Fante"), General Manager of Toyota of Louisville, who affirms that on June 21, 2010, Beswick notified him that Defendant had received five checks in the month of June, 2010. Affidavit of Dennis Fante ¶ 4-5. After speaking to Beswick, Fante approached Defendant and asked about the checks. Defendant replied that he used the checks to sell vehicles at auction. *Id.* at ¶ 5. This explanation did not sit well with Fante, so he also contacted Fetter via telephone. *Id.* Fetter told Fante that Defendant had called him on June 22, 2010, admitted to stealing the checks, and asked him to lie about the purpose of the checks. *Id.* at ¶ 10. On June 23, 2010, Fante contacted the Louisville Police department to report Defendant. *Id.* at ¶ 11. And on June 24, 2010, Fante again met with the Defendant, who admitted to stealing money from Toyota of Louisville since 2005 because "he had a gambling problem." *Id.* at ¶12. Nowhere within the Complaint or affidavits is the identity of Fetter explained. Nor is his relationship to the Defendant or the check scheme clarified, except to say that on June 22, 2010, one day after Ms. Breswick discovered Defendant had received five checks, Fante found a card with the name and number for "Paul Fetter" on his desk.

Because Plaintiffs assert, and the affidavits support, that the activity was discovered on June 21, 2010, Plaintiffs argue that by filing the Circuit Court action on June 19, 2015, the action for damages was commenced within Kentucky's five-year statute of limitations period for fraudulent acts. In his Answer, Defendant admits the majority of Plaintiffs' allegations as they relate to the fraudulent conduct and amount of damages. However, Defendant disputes the date Defendant's fraudulent conduct was discovered, and asserts that Plaintiffs' Complaint is barred by the Kentucky statute of limitations.

**Legal Analysis**

A motion for summary judgment shall be granted when a court determines "there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(a). "[A] court views the evidence in a light most favorable to the non-movant." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). "A court properly enters summary judgment where there is not sufficient evidence in support of the non-movant's case upon which 'a reasonable jury could return a verdict for the nonmoving party.'" *Dodd v. Dyke Indus., Inc.*, 518 F. Supp. 2d 970, 972 (W.D. Ky. 2007) (citing *Anderson*, 477 U.S. at 248). Because this is a state law claim, this Court applies Kentucky law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

In their Complaint, Plaintiffs allege Defendant "embezzled the funds provided by Toyota of Louisville to be used solely for the benefit of Toyota of Louisville and strictly in connection with Defendant Woods's duties as Used Car Manager of Toyota of Louisville." Complaint at ¶ 19. Additionally, Plaintiffs allege that Defendant's conduct is "fraud in fact" *Id.* at ¶ 21, that Defendant "acted with a specific intent to do harm to Plaintiffs," *Id.* at ¶23, and that Defendant's conduct "shows willful misconduct, malice, fraud, wantonness, oppression, or the entire want of care which would raises the presumption of conscious indifference to consequences." *Id.*

In his Answer, Defendant "admits the allegations of theft leading to Defendant's criminal conviction," Answer at ¶ 1, and fails to deny the allegations of embezzlement, fraud in fact, and willful misconduct. As a result, these latter allegations are properly deemed admitted. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided."). Defendant does raise the defense that

5

the Complaint is barred by the statute of limitations. A thorough review of Kentucky's statute of limitations, and how it applies to each allegation, is therefore required.

1. **Embezzlement**

Here, it is alleged and admitted Defendant committed embezzlement while employed at Toyota of Louisville. The offense of embezzlement falls within Kentucky's statute on theft. *See* Ky. Rev. Stat. Ann. § 514.030 (West) ("KRS 514.030 is intended to include all statutory and common law offenses involving unlawful appropriation of property. Some of the prior statutory offenses covered in whole or in part are KRS: 434.010--Embezzlement by officer, agent or employee of corporation."). The theft statute provides: "(1) a person is guilty of theft by unlawful taking or disposition when he unlawfully: (a) Takes or exercises control over movable property of another with intent to deprive him thereof; or (b) Obtains immovable property of another or any interest therein with intent to benefit himself or another not entitled thereto." *Id.* Because Defendant admits the allegation, it is not necessary to examine the specific elements required for a finding of theft; however, the fact that embezzlement falls within the statutory definition of theft is relevant, because it is the theft statute of limitations that applies.

Kentucky statute provides that "An action for the taking, detaining or injuring of personal property, including an action for specific recovery shall be commenced within two (2) years from the time the cause of action accrued." Ky. Rev. Stat. Ann. § 413.125 (West). A cause of action for theft accrues when the injury is, or should have been, discovered. *See, e.g., Madison Capital Co., LLC v. S & S Salvage, LLC,* 765 F. Supp. 2d 923, 932 (W.D. Ky. 2011). Here, Plaintiffs assert they discovered the embezzlement on June 21, 2010, and Defendant denies this assertion. However, for the purposes of the embezzlement charge, even if Plaintiffs' discovery date is found

undisputed, the Circuit Court action, filed June 19, 2015, was commenced well beyond the two-year time limit. As such, Plaintiffs cannot recover based on a theory of embezzlement.

2. **Fraud**

Next, Plaintiffs allege that Defendant's conduct amounts to "fraud in fact." "The essential elements of actionable fraud are material representation, falsity, scienter, or recklessness, intention, reliance, deception, and injury." *Scott v. Farmers State Bank*, 410 S.W.2d 717, 720 (Ky. 1966). Moreover, "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Ky. R. Civ. P. 9.02. "It is not necessary that the 'particularity' commanded by CR 9.02 attain such detail as to recite each minute detail; it is enough to plead the time, the place, the substance of the false representations, the facts misrepresented, and the identification of what was obtained by the fraud." *Scott*, 410 at 722. However, "the rule requiring pleading of fraud and mistake with particularity is to be considered in light of the entire spirit of modern pleading which lays emphasis upon short, concise and direct pleading." *Id.* Where defendant "does not seek a more definite statement of the complaint as permitted to them by CR 12.05," and where there no "suggestion that [defendant] suffered surprise or prejudice when evidence was presented," imperfect pleadings may be allowed. *See id.*

In their Complaint, Plaintiffs allege the necessary elements of fraud. According to the Complaint, "from January 2003 through June 2010," Defendant Woods requested checks from the accounting department of Toyota of Louisville and falsely represented that said checks "would be used for the sole benefit of Toyota of Louisville … to acquire and sell used automobile inventory at auction." Complaint at ¶ 6. In reliance on Defendant's false representations, company checks were prepared and issued to Defendant. Defendant ultimately cashed these company checks for

7

personal use. Although the Complaint does not state the time of the alleged misrepresentations with any particularity. Defendant did not request a more definite statement of the Complaint. And more importantly, Defendant does not deny the allegations of fraud. As was true with the embezzlement charge, because Defendant does not deny the allegation of fraud, it is properly deemed admitted. *See* Fed. R. Civ. P. 8(b)(6).

### 3. Statute of Limitations

"Fraud claims in Kentucky are governed by both a statute of limitations and a statute of repose." *Dodd*, 518 F. Supp. 2d at 972. Kentucky Revised Statute § 413.120(11) provides that "[a]n action for relief or damages on the ground of fraud or mistake … shall be commenced within five (5) years after the cause of action accrued." Ky. Rev. Stat. Ann. § 413.120 (West). "Kentucky courts have said that a fraud action accrues when the victim discovers the fraud or through 'the exercise of reasonable diligence should have discovered' the fraud." *Id.* at 973 (citing *Dixon v. Clem*, 492 F.3d 665, 671 (6th Cir.2007); *Hazel v. Gen. Motors Corp.*, 863 F.Supp. 435, 438 (W.D.Ky.1994); *Cali–Ken Petroleum Co., Inc. v. Miller*, 815 F.Supp. 216, 218 (W.D.Ky.1993); and *Perkins v. Ne. Log Homes,* 808 S.W.2d 809, 819 (Ky.1991)).

"What the plaintiff must 'discover' is not that he has a cause of action, but rather only that he has been injured at the hands of an identifiable party." *Id.* (citing *Hazel*, 863 F.Supp. at 438; and 54 C.J.S. *Limitations on Actions* § 194 ("a limitations period generally begins to run when facts exist that authorize one party to maintain an action against another")). Where a plaintiff can show defendant absconded or concealed himself, *see* Ky. Rev. Stat. Ann. § 413.190 (West), or in any way induced plaintiff's failure to bring suit by fraudulent concealment, *Hazel*, 863 F. Supp. at 439, the period for bringing a claim may be tolled. This doctrine of equitable estoppel "precludes a defendant from asserting the statute of limitations where the defendant has taken actions

8

'calculated to mislead or deceive and to induce inaction by the injured party.'" *Id.* at 422 (citing *Adams v. Ison*, 249 S.W.2d 791, 793 (Ky.1952)). However, equitable estoppel applies only where the plaintiff has been reasonably diligent in protecting his legal rights *Id.* (citing *Burke v. Blair*, 349 S.W.2d 836, 838 (Ky.1961)).

Yet, "[w]hen a confidential relationship exists between the parties, … the statute does not begin to run until actual discovery of the fraud or mistake." *Hernandez v. Daniel*, 471 S.W.2d 25, 26 (Ky. 1971). The courts have explained there is "no duty on the part of the injured party to exercise due diligence to discover the fraud." *Boone v. Gonzalez*, 550 S.W.2d 571, 574 (Ky. Ct. App. 1977). Such a relationship exists "in all cases where there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of the one reposing confidence." *Sec. Trust Co. v. Wilson*, 307 Ky. 152, 157, 210 S.W.2d 336, 338 (1948). However, where "the exception for confidential relationship is applicable, the pleader seeking to prosecute an action in fraud after the expiration of the general statutory time limit is not wholly relieved of the burden of pleading and proving that his tardiness is excusable." *Boone v. Gonzalez*, 550 S.W.2d 571, 574 (Ky. Ct. App. 1977). "[T]he burden is upon plaintiff to allege and prove facts which show the date and manner of such discovery." *Wilson v. Wilson*, 199 Cal. App. 2d 542, 545, 18 Cal. Rptr. 768, 770 (Ct. App. 1962).

In addition, Kentucky's statute of repose provides that "an action for relief or damages for fraud or mistake … shall be commenced within ten (10) years after the time of making the contract or the perpetration of the fraud." Ky. Rev. Stat. Ann. § 413.130(3) (West). The statute implies that "a plaintiff's cause of action might be destroyed before it legally existed, even if the plaintiff never learned of the fraud." *Dodd.*, 518 F. Supp. 2d at 973 (internal citations omitted). It creates an absolute bar to litigation, and "[n]o Kentucky court has questioned the statute's constitutionality."

9

*Id. See also Hogan v. Goodrich Corp.*, 2006 WL 149011, at *3 (W.D. Ky. Jan. 17, 2006) ("The ten-year statute of repose for fraud claims is valid under the Kentucky constitution.").

As an initial matter, the Court finds that a confidential relationship did exist between Defendant and Toyota of Louisville. Defendant was entrusted with the authority to request and approve the disbursement of funds from company bank accounts. Such a responsibility demonstrates that a special confidence was reposed in Defendant, and that Defendant was bound to act in good faith and with due regard for the interests of Toyota of Louisville. As such, Plaintiffs did not have a duty to exercise due diligence to discover the fraud, and the statute of limitations did not begin to run until Plaintiffs actually discovered the fraud. The Court must determine, therefore, whether a genuine question of fact exists as to the date of discovery.

4. **Date of Discovery**

In their Complaint, Plaintiffs assert they discovered Defendant's fraudulent scheme on June 21, 2010. As such, they contend the Circuit Court action, filed June 19, 2015, was filed within five years after the cause of action accrued. In support of their claim, Plaintiffs attach the two aforementioned affidavits, which purport to prove the date and manner of discovery. The affidavits conform to the Federal Rules of Civil Procedure, which provide that a motion for summary judgment may assert facts by way of affidavit, if said affidavits are "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56 (a)(4). While the affidavits do rely on the out-of-court statements of one Paul Fetter—an unidentified and therefore unreliable informant—the statements are not offered to prove the truth of the matter asserted in the statement, but rather to demonstrate the time and manner that affiants were put on notice regarding the

10

fraudulent conduct. Proof of the fraud has been admitted by Defendant and is not presently at issue. As a result, the statements are not hearsay and are properly admitted.

In his Answer, Defendant fails to properly address Plaintiffs' assertions of fact. Defendant provides that he "does not have sufficient knowledge" to admit or deny Plaintiffs' claim that the conduct was discovered on June 21, 2010, and therefore denies the allegation. In a response to a summary judgment motion, the Federal Rules of Civil procedure provide that "A party asserting that a fact … is genuinely disputed *must* support the assertion by:

**(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

**(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56 (c)(1) (emphasis added). In disputing the date of discovery, Defendant cites no material in the record; nor does he refute the admissibility of Plaintiffs' affidavits. And while Defendant may show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," he simply has not done so. Fed. R. Civ. P. 56 (d). When a party "fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give [the party] an opportunity to properly support or address the fact;
(2) consider the fact undisputed for purposes of the motion;
(3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
(4) issue any other appropriate order.

Fed. R. Civ. P. 56 (e).

"Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano*, 557 U.S. 557, 586, 129 S. Ct. 2658, 2677, 174 L. Ed. 2d 490 (2009). In the record before this Court, Plaintiffs have

11

provided two affidavits that assert Plaintiffs' discovery date as June 21, 2010. Defendant has failed to make any showing as to a contrary date. Likewise, Defendant has failed to address in any way Plaintiff's affidavits or provide a reason as to why he cannot. The Court finds that no rational trier of fact, when considering the record as a whole, could find a genuine issue for trial. As a result, under 56(c), this Court will consider Plaintiffs' affirmed date of discovery as undisputed for purposes of the Motion. And because Plaintiffs discovered the fraud on June 21, 2010, by commencing their action June 19, 2015, they manage to slip within the five-year statute of limitations period for fraud.

5. **State of Repose**

But the test does not end there. Kentucky's statute of repose imposes an absolute bar to actions for fraud commenced more than ten years after the perpetration of the fraudulent act. Here, because the Circuit Court action was commenced on June 19, 2015, any act of fraud committed before June 19, 2005 (more than ten years earlier), would be absolutely excluded. In *Ledbetter v Goodyear Tire & Rubber Co.*, "the United States Supreme Court noted in the context of an EEOC complaint that the limitations period 'is triggered when a discrete unlawful practice takes place.'" *Dodd*, 518 F. Supp. 2d at 975 (citing 550 U.S. 618, 619 (2007)). However, the Court also made clear that "a freestanding violation may always be charged within its own charging period." *Ledbetter*, 550 U.S. at 636. Thus, Plaintiffs must demonstrate what portion of the admitted damages may be attributed to those fraudulent acts committed within the allowed charging period.

6. **Nondischargeability**

We next turn to the question of nondischargeability. Plaintiffs request a finding that the damages owed by Defendant are not dischargeable in bankruptcy under two theories. The first, 11 U.S.C. § 523(a)(4), deals with fraud or defalcation while acting as a fiduciary, embezzlement, or

larceny; the second, 11 U.S.C. § 523(a)(6), deals willful and malicious conduct. The Court will address each in turn.

Under 11 U.S.C. § 523(a)(4), a debt arising from "fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny" is nondischargeable in bankruptcy. As the Court previously explained, it cannot make a finding of embezzlement or larceny, because those offenses are barred by the statute of limitations for theft. As a result, there can be no finding of nondischargeability based on a finding of embezzlement or larceny. And while the Court does make a finding of fraud, there is no evidence Defendant was acting in a fiduciary capacity as defined by § 523(a)(4). As used in that section, "the term 'fiduciary' applies *only to express or technical trusts* and does not extend to implied trusts, which are imposed on transactions by operation of law as a matter of equity." *In re Sigler*, 196 B.R. 762, 764 (Bankr. W.D. Ky. 1996). Therefore, the Court cannot find nondischageability under 11 U.S.C. § 523(a)(4).

Under 11 U.S.C. § 523(a)(6), a debt arising from the "willful and malicious injury by the debtor to another entity or to the property of another entity" may be excepted from discharge in bankruptcy. The creditor bears the burden of proving the elements of § 523(a)(6) by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 287 (1991).

The term "willful" has been defined as "deliberate or intentional," *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir.1986), with "malicious" defined as a "conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent to do harm." *Id.* Moreover, the United States Supreme Court has made clear that because the word "willful" in §523(a)(6) modifies the word "injury," "nondischargeability takes a deliberate or intentional *injury*, … not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 57 (1998) (emphasis in original).

13

Here, the facts admitted demonstrate the necessary elements of a "willful and malicious injury." Defendant admits that he knowingly made false statements regarding his use of company checks with the intent of cashing said checks for personal use. It was Defendant's intent to defraud Toyota of Louisville in order to steal company money. Therefore, the Court finds that the debt owed Plaintiffs as a result of Defendant's fraudulent acts are nondischaegeable in bankruptcy.

## Conclusion

For the foregoing reasons, the Court finds there are no genuine disputes as to any material fact regarding the allegations of fraud and embezzlement. In his Answer, Defendant admits that from January 2003 through June 2010, he committed both fraud and embezzlement while employed at Toyota of Louisville. However, Plaintiffs' claim of embezzlement is barred by Kentucky's statute of limitations.

With regard to the allegation of fraud, the Court finds a confidential relationship existed between Defendant and Toyota of Louisville. As a result, the statute of limitations began to run when Plaintiffs discovered Defendant's fraud. Based on Plaintiffs' unanswered affidavits, and pursuant to Fed. R. Civ. P. 56 (e)(b), the Court will consider Plaintiffs' discovery date of June 21, 2010, undisputed. Based on this undisputed discovery date, the Court finds Plaintiffs filed the Circuit Court action within the five-year statute of limitations period for fraud.

With regard to the award for damages, the Court finds there does exist a genuine dispute as to the amount of damages to which Plaintiffs are entitled. According to Kentucky's statute of repose, only acts of fraud committed ten years prior to the date of Plaintiffs' Circuit Court action—those committed after June 19, 2005—may be litigated. Plaintiffs must prove what portion of their damages were committed within that appropriate period.

With regard to the question of nondischaegeability in bankruptcy, the Court finds that whatever damages are ultimately proved as a result of Defendant's fraud are nondischaegeable under 11 U.S.C. § 523(a)(6), because Defendant's fraud constitutes a willful and malicious injury.

As a result, Plaintiffs' Motion for Summary Judgment, as it relates to a finding of fraud, the date of discovery, and nondischaergeability is HEREBY GRANTED; as it relates to a judgment for damages is HEREBY DENIED.

The Court will schedule a pre-trial conference to discuss scheduling a trial date to address the amount of damages issues.

_____
Alan C. Stout
United States Bankruptcy Judge

Dated: September 16, 2016